## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

YULANDA HILL                                                                    PLAINTIFF

v.                                          NO. 5:12CV00016 JLH

CAROLYN WALKER, individually and in her
official capacity as employee of the
Department of Human Services                                                    DEFENDANT

### OPINION AND ORDER

Yulanda Hill, a former Arkansas Department of Human Services employee, brings this action

against Carolyn Walker, in her individual and official capacities, alleging various claims surrounding

her termination by Walker, including violations of the Fair Labor Standards Act, the Americans with

Disabilities Act, the Rehabilitation Act, the Family and Medical Leave Act, and Hill's due process

rights.  Walker has moved to dismiss Hill's claims under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Court dismisses all of Hill's claims except those brought against

Walker in her official capacity under the Americans with Disabilities Act and Rehabilitation Act.

### I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual

allegations contained in the complaint, and review[s] the complaint to determine whether its

allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d

544, 549 (8th Cir. 2008).  All reasonable inferences from the complaint must be drawn in favor of the

nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

A motion to dismiss should not be granted merely because the complaint "does not state with

precision all elements that give rise to a legal basis for recovery."  *Schmedding v. Tnemec Co.*, 187

F.3d 862, 864 (8th Cir. 1999).  A complaint need only contain "'a short and plain statement of the

claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

Stated differently, the plaintiff must "raise a right to relief above a speculative level."  *Schaaf*, 517

F.3d at 549.

## II.

The following facts are taken from Hill's complaint.  On June 28, 2010, the Arkansas

Department of Human Services (ADHS) hired Hill.[1]  During the course of her employment with

ADHS, Hill performed her job satisfactorily.  At some point before May 25, 2011, Hill requested a

disability accommodation from ADHS, as well as leave under the Family and Medical Leave Act

(FMLA).  Hill informed various persons that she was experiencing depression, stress, anxiety, panic

attacks, blood pressure problems, and blood sugar problems.  Hill believed that these symptoms were

disabling, and she asked to be removed from a case she was working on.  The accommodation

process never started, however.  On May 25, 2011, Hill's doctor released her from work for "more

than 5 days."  Hill told supervisor Christine Thomas that the leave was because of her stress and

anxiety attacks.  Walker and Thomas granted Hill compensatory leave time and gave her FMLA

paperwork.  Soon after, however, Walker and Thomas withdrew their permission for Hill's

compensatory leave and demanded that Hill return to work.  Having relied upon the grant of

---

[1]Although it is not mentioned in the complaint, Hill was apparently hired as a caseworker.
*See* Document #7, at 11.

2

compensatory leave, Hill could not return to work until June 20, 2011.  When she returned, Walker terminated Hill and designated her as someone who would not be hired again by ADHS.  Hill was not paid for her unused compensatory time.

### III.  Fair Labor Standards Act

Hill alleges that the failure to pay her for her unused compensatory leave time violated the FLSA.  In her motion to dismiss, Walker acknowledges that the FLSA generally requires employees to be paid for unused compensatory time upon termination, but she argues that Hill's claim must be dismissed pursuant to Rule 12(b)(6) because Hill has pled no facts that tend to show that Walker had any responsibility over ADHS's payroll or to ensure that Hill was paid for her compensatory time.  Such a responsibility belongs to ADHS, Walker asserts, which is not a party in the present action.

Hill's FLSA claim against Walker, individually, must be dismissed because her complaint fails to make any allegations to show that Walker is responsible for the fact that Hill did not get paid compensatory time.  While the complaint alleges that Walker was responsible for Hill's termination, it does not state that Walker was also personally responsible for Hill's failure to get paid compensatory time.  The various places in the complaint mentioning Hill's failure to be paid are either phrased in the passive voice or without a direct subject or acting party.  *See* Complaint, Document #2, at 1 ("Walker had the ability to fire Plaintiff, which resulted in the loss of comp time due Plaintiff under the FLSA . . . ."); *id.* ("Plaintiff was deprived of comp time . . . ."); *id.* at 2 ("Plaintiff did not receive her comp time."); *id.* at 3 ("[T]he failure to pay Plaintiff constitutes . . . a violation of the FLSA.").[2]  This view is bolstered by Hill's subsequent filings before the Court.  In her initial response,

---

[2]The complaint allegation that the "Defendants [sic] revoked their permission for Plaintiff to take comp time and demanded that Plaintiff return to work" is not to the contrary, as it is plainly referencing Walker's pre-termination decision to deny Hill permission to continue taking

Hill does not interact with Walker's argument; rather, she restates, word for word, the passive language from the complaint. *See* Document #8, at 1 ("Walker had the ability to fire Plaintiff, which resulted in the loss of comp time due Plaintiff under the FLSA . . ."). The mere fact that Walker's termination of Hill eventually resulted in Hill failing to receive payment for compensatory time from ADHS does not, by itself, make Walker the person responsible for the State's failure to pay for any compensatory time allegedly owed to Hill. Most importantly, in her response brief, Hill actually blames the State of Arkansas, not Walker, for the failure to pay. *See* Document #9, at 11 ("Here, the State decided, arbitrarily, to deny any compensatory time that the Plaintiff already had accrued.").

In keeping with the aforementioned response brief, Hill's claim against Walker in her official capacity is, in effect, a claim against the State of Arkansas. *See Ky. v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). And an FLSA claim against the State of Arkansas is barred by the Eleventh Amendment. *See Emps. of Dep't of Pub. Health & Welfare, Mo. v. Dep't of Pub. Health & Welfare, Mo.*, 411 U.S. 279, 285, 93 S. Ct. 1614, 1618, 36 L. Ed. 2d 251 (1973) ("Congress did not lift the sovereign immunity of the states under the FLSA . . . ."); *Raper v. Iowa*, 115 F.3d 623 (8th Cir. 1997). Thus, Hill's FLSA claim against Walker in her official capacity will be dismissed, also.

---

compensatory leave, not a post-termination decision to deny Hill payment for her leftover compensatory time.

## IV.  Due Process

Hill brings two distinct due process claims through 42 U.S.C. § 1983.  First, she alleges that she had a protected property interest in her compensatory time and that the failure to pay her for this time constituted a taking without due process.  Second, she alleges that she was terminated in violation of ADHS policy and thus deprived of another protected property interest—her job—without due process.  Walker argues that Hill has failed to state the first claim because Hill declined to take advantage of her post-deprivation remedy available through the Arkansas State Claims Commission. In addition, Walker argues, Hill has offered nothing to demonstrate that Walker was responsible for ADHS's payroll, so Walker cannot be liable for any due process violation.  Hill has failed to state a claim that a property interest in her job was taken without due process, Walker contends, because Hill is an at-will employee under Arkansas law and therefore has no property interest in her position. Furthermore, Walker argues that Hill failed to plead that the procedural protections provided by the State are inadequate.

Hill's due process claim against Walker in her individual capacity for loss of compensatory time will be dismissed under Rule 12(b)(6) for essentially the same reasons as her FLSA claim above, which is that she has not alleged any facts indicating that Walker was personally responsible for her failure to receive compensatory time from ADHS.  As to Hill's compensatory time claim against Walker in her official capacity, Arkansas law provides a remedy in the form of a breach of contract claim, which Hill may pursue before the Arkansas Claims Commission.  *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 447 n.3 (8th Cir. 1995) (citing Ark. Code Ann. § 19-10-204(a)). Hill has therefore not stated a claim that her property was taken without due process of law.  *See Collier*

*v. City of Springdale*, 733 F.2d 1311, 1317 (8th Cir. 1984) (availability of state-law mechanisms precludes the finding of a violation of a constitutional right, privilege, or immunity).

Hill's claim that she was deprived of due process when she was discharged from her job also will be dismissed.  To prevail on her claim that she was discharged from her employment without due process of law, Hill would have to establish that she had a protected property interest in her employment and that she was deprived of that interest without due process.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491, 84 L. Ed. 2d 494 (1985).  Whether an employee has a protected property interest in her employment depends on the employment contract and state law.  *See Eddings v. City of Hot Springs*, 323 F.3d 596, 601 (8th Cir. 2003).  Public employees such as Hill have protected property interests in their employment only "when there are 'contractual or statutory limitations on the employer's ability to terminate an employee,' such as a contract right to be terminated only for cause."  *Bennett v. Watters*, 260 F.3d 925, 927 (8th Cir. 2001) (quoting *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1994)).  Generally, in Arkansas, an at-will employee may be fired "for good cause, bad cause, or no reason at all . . . ."  *Lynn v. Wal-Mart Stores, Inc.*, 102 Ark. App. 65, 71, 270 S.W.3d 574, 579 (2008).  Hill alleges nothing to show that she was anything other than an at-will employee.  Consequently, her allegations are insufficient to show that she had a property interest in her employment.

Even if Hill's complaint included allegations sufficient to show that she had a property interest in her employment, she makes no allegations, except in the most conclusory fashion, to demonstrate that she was deprived of that property interest without due process of law.  Mere "labels and conclusions" are insufficient under federal rules.  *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 818 (8th Cir. 2011) (plaintiff failed to state

a claim, even assuming she had a protected liberty interest, where she "failed to allege that she was deprived of that interest without sufficient process"); *Ramirez v. Holmes*, 921 F. Supp. 204, 209 (S.D.N.Y. 1996) (no due process violation where plaintiff failed to allege "that he was denied a hearing or that a hearing was unavailable").

### V.  Americans with Disabilities Act & Rehabilitation Act

Hill alleges that Walker violated the ADA and Rehabilitation Act by terminating her, instead of making a reasonable accommodation, after she identified herself as disabled and requested disability leave.[3]  In order to establish a prima facie case of disability discrimination under the ADA and section 504 of the Rehabilitation Act, Hill must demonstrate that "(1) her condition qualifies as a disability within the meaning of the ADA, (2) she is qualified to perform the essential functions of her position with or without a reasonable accommodation, and (3) she has suffered an adverse employment action due to her disability." *Samuels v. Kan. City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006); *see also Peebles v. Potter*, 354 F.3d 761, 766 n.4 (8th Cir. 2004) ("Rehabilitation Act claims and claims under the ADA are evaluated the same; thus, cases dealing with each are interchangeable.").  Walker contends that Hill has not sufficiently alleged the first and second prongs; she does not dispute the third.

---

[3]Hill's claims under the ADA and Rehabilitation Act are apparently brought against Walker in her official capacity only. *See* Complaint, Document #2, at 1 ("[Walker] is sued in both her official and personal capacities on all claims except under the Section 504 of the Rehabilitation Act of 1973 and Title II of the ADA."); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); *Grey v. Wilburn*, 270 F.3d 607, 609 (8th Cir. 2001) (private individuals can sue state officials under the ADA only for prospective, injunctive relief).

As to the first prong, Walker argues that Hill's complaint fails to allege sufficiently that her condition qualifies as a disability.  While Hill does not address this argument in her response, the complaint, though succinct, sufficiently alleges a disability.

The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ."  42 U.S.C. § 12102(1)(A)-(C); *Webb v. Mercy Hosp*, 102 F.3d 958, 960 (8th Cir. 1996).  An impairment substantially limits a person's major life activities if that person cannot perform, or is significantly restricted from performing, a basic function that the average person in the general population can perform.  *Samuels*, 437 F.3d at 801 (citing 29 C.F.R. § 1630.2(j)(1)(i)-(ii)).  Impairments are not disabilities if they have little or no long-term impact.  *Id.* at 802 (citation omitted).  "In determining whether a person is substantially limited in a major life activity, [the Eighth Circuit will] consider (1) the nature and severity of the impairment, (2) its duration or anticipated duration, and (3) its actual or expected long-term impact."  *Id.* (citation omitted).

In her complaint, Hill alleges that she was depressed; undergoing anxiety, stress, and panic attacks; experiencing problems with her blood pressure and blood sugar; and "substantially limited in her ability to think and concentrate."  She also alleges that she genuinely believed that these symptoms amounted to a disability, and that she informed various supervisors about her ailments.  Assuming that all of these factual assertions are true, as the Court must, it can reasonably be inferred that Hill was substantially limited in regard to thinking, concentrating, and perhaps even working, all of which are listed in the relevant regulations as major life activities.  *See* 29 C.F.R. § 1630.2(i)(1).  These allegations are enough to plead a disability.

8

Walker objects to this conclusion primarily by asserting that Hill's impairments have little or no long-term impact and thus are not disabilities. Walker relies almost entirely on Hill's statement that Hill "could not return to work until June 20, 2011," arguing that this shows that Hill's impairments afflicted her for one month, at most, which is not long term. The complaint must be reasonably interpreted in Hill's favor at this stage of litigation, however, and nothing in the complaint states that Hill's impairments are only short-term maladies. In light of the alleged amount and severity of the impairments, the complaint can reasonably be construed to allege that the impairments are indeed long term, especially given Hill's present-tense reference to them. *See* Complaint, Document #2, at 3 ("[Hill] *is* substantially limited in her ability to think and concentrate." (emphasis added)). Hill's allegation that she could not return to work until June 20 is not to the contrary, as the allegation says nothing about Hill's actual impairments or the two major life activities that she explicitly alleged in her complaint—thinking and concentrating. While Walker's argument may prevail in the end, it is not enough to prevail on a motion to dismiss where the Court must interpret the facts in a manner favorable to the plaintiff. Hill has sufficiently alleged a disability.[4]

As to the second prong, Walker essentially argues that Hill's only request for an accommodation—removal from a case—was unreasonable because it involved eliminating an essential function of her job. Thus, Walker contends, Hill has failed to sufficiently allege that she is qualified

---

[4]Even if the Court accepted Walker's argument that Hill has not alleged enough to show a long-term impairment, it could still reasonably infer, based on the allegations, that Hill's supervisors, including Walker, actually regarded her as having such an impairment, which would satisfy Hill's burden under the ADA. Assuming the complaint to be true, Hill's supervisors were made aware of Hill's many ailments. And Hill alleges in the complaint that she was terminated because she identified herself as a person with a disability. This is sufficient to survive a Rule 12(b)(6) motion to dismiss. *See* 42 U.S.C. § 12102(1)(C); *Webb*, 102 F.3d at 960 ("A person is 'regarded as having' an impairment that substantially limits major life activities when others treat that person as having a substantially limiting impairment.").

to perform the essential functions of her position with a reasonable accommodation.[5]  Again, this

argument may eventually be shown to have merit.  *See Alexander v. Northland Inn*, 321 F.3d 723,

728 (8th Cir. 2003) ("It is will settled that an employer is under no obligation to reallocate the

essential functions of a position that a qualified individual must perform." (quoting *Moritz v. Frontier

Airlines, Inc.*, 147 F.3d 784, 788 (8th Cir. 1998))).  Still, the argument cannot prevail at this stage

of litigation because determining the essential functions of a position is a highly fact-intensive inquiry.

*See Moritz*, 147 F.3d at 787 ("essential function" may be established by various pieces of evidence,

including the employer's judgment, written job descriptions, job-time allocation analyses, etc.).  In

*Alexander*, the primary case relied on by Walker, the Eighth Circuit reviewed a district court's

summary judgment ruling, not a Rule 12(b)(6) dismissal, and, in analyzing the essential functions of

a position, it looked to the employer's written job description, testimony from supervisors, and

testimony from the employee—none of which is available at this point in litigation.  321 F.3d at 727.

It is premature in this action for the Court to make findings regarding the essential functions of Hill's

job.

      The Court denies the motion to dismiss on Hill's ADA and Rehabilitation Act claims because

Hill has sufficiently stated the claims in her complaint.

## VI.  Family and Medical Leave Act

      Finally, Hill alleges that Walker retaliated against her and interfered with her in violation of

the FMLA.  Specifically, Hill alleges that Walker terminated her after she requested FMLA leave in

order to keep her from becoming eligible for FMLA rights.  Walker contends that all of Hill's FMLA

---

[5]It does not appear from the complaint that Hill alleges that she could perform the essential
functions of her job even without a reasonable accommodation.

claims must fail because Hill has tacitly admitted in the complaint that, because she had not worked for ADHS for one year, she was not covered by the FMLA at the time of her termination.

A plaintiff can bring two different claims under the FMLA: retaliation and interference. *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006). To be eligible to bring these claims, however, an employee must have worked for the relevant employer for at least twelve months. *See Dolese v. Office Depot, Inc.*, 231 F.3d 202, 203 (5th Cir. 2000) (citing 29 U.S.C. § 2611(2) and 29 C.F.R. 825.110(a)(1)). Facially, the complaint is clear: Hill was hired on June 28, 2010, and she was terminated on June 20, 2011. Complaint, Document #2, at 2. Thus, she did not work for ADHS for at least twelve months and is not eligible to bring FMLA claims. Hill attacks this conclusion in the following ways.

First, as stated above, Hill alleges that Walker terminated her after she requested leave so that she would not become eligible for FMLA rights. While the Eighth Circuit has not ruled on the issue, courts have largely agreed that an employee who is not yet FMLA-eligible can assert a retaliation claim under the FMLA if subjected to an adverse employment action for requesting post-eligibility FMLA leave. *See, e.g., Pereda v. Brookdale Senior Living Cmties., Inc.*, 666 F.3d 1269, 1276 (11th Cir. 2012) ("We hold that a pre-eligible request for post-eligible leave is protected activity . . . ."); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future."); *Gleaton v. Monumental Life Ins. Co.*, 719 F. Supp. 2d 623, 628-29 (D.S.C. 2010) (similar); *Reynolds v. Inter-Indus. Conf. on Auto Collision Repair*, 594 F. Supp. 2d 925, 927-30 (N.D. Ill. 2009) (similar). Regardless, Hill's complaint still fails to state an FMLA retaliation claim because it nowhere alleges that Hill—who was undisputedly ineligible for FMLA

leave—was terminated in retaliation for requesting FMLA leave to begin after she had attained eligibility. Instead, the complaint indicates that Hill requested FMLA leave for a period beginning on May 25, 2011—more than one month before she would have been eligible—and that she returned to work on June 20, which was approximately one week before she would become eligible. *See* Complaint, Document #2, at 2. In other words, Hill requested FMLA leave for a period beginning and ending before she would actually have been eligible for FMLA rights. Such a request is not protected by the FMLA.

Second, Hill alleges that, had she been granted her full compensatory leave time, she would have been eligible for FMLA rights. Walker, Hill alleges, revoked her compensatory leave to avoid this. This allegation is also without merit, as the complaint's factual allegations demonstrate that Hill, relying on a full grant of compensatory time, was still planning on returning to work on June 20, 2011, which was more than a week before she would be eligible for the FMLA. *See* Complaint, Document #2, at 2 ("Having relied on the grant of comp time, Plaintiff could not return to work until June 20, 2011 . . . ."). Thus, even had Walker not revoked her compensatory leave time, Hill would not have been eligible for FMLA benefits.

Third, Hill argues in her response that she would have been eligible for FMLA leave if she had been granted a reasonable accommodation of "less than 30 days" under the ADA. Document #8, at 2. This argument fails for the same reason as her previous argument. That is, even if Hill had been granted a thirty-day accommodation under the ADA when she requested—sometime on or before May 25, 2011—she still would not have been employed for twelve months at the end of the accommodation period. *See* Complaint, Document #2, at 2 ("Plaintiff was hired on June 28, 2010.").

12

Fourth, Hill argues in her response brief that Walker is equitably estopped from denying her FMLA leave because she made an affirmative representation—giving her FMLA paperwork—that caused Hill to reasonably and detrimentally believe that she had FMLA rights.  Hill cites an Eighth Circuit case, *Duty v. Norton-Alcoa Proppants*, as being "analytically similar" to the present scenario. 293 F.3d 481 (8th Cir. 2002).  Equitable estoppel "declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny the representation." *Id.* at 493-94 (quoting *Farley v. Benefit Trust Life Ins. Co.*, 979 F.2d 653, 659 (8th Cir.1992)).  In *Duty*, an employer guaranteed an employee, Duty, in a letter, that he had thirty-four weeks of FMLA leave.  *Id.* at 494.  When Duty attempted to return to work after thirty-four weeks, he was terminated and told that his FMLA leave had actually been limited to twelve weeks.  *Id.* at 487.  The Eighth Circuit held that the district court did not abuse its discretion in finding that the employer was equitably estopped by its earlier letter from limiting Duty's leave to twelve weeks.  *Id.* at 494.  Unlike the plaintiff in *Duty*, Hill has made no allegation that Walker led her to believe that her medical leave qualified under the FMLA.  Promising an employee a certain amount of FMLA leave time, as was the situation in *Duty*, and merely giving an employee FMLA paperwork to fill out, as happened here, are vastly different.  Providing FMLA paperwork does not amount to an affirmative representation deserving of estoppel.  The argument is meritless.[6]

Because she has failed to state an FMLA claim for which relief may be granted, Hill's FMLA allegations in her complaint will be dismissed under Rule 12(b)(6).

---

[6]Notably, Hill does not actually allege in her complaint that she relied on the paperwork as a guarantee of FMLA rights; rather, this argument comes entirely from her briefings.  This is another reason to dismiss the claim.

## CONCLUSION

For the foregoing reasons, Walker's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Document #6.  Hill's FLSA, FMLA, and due process claims against Walker are dismissed, in their entirety, without prejudice.  Hill's claims under the ADA and the Rehabilitation Act, which are brought against Walker in her official capacity only, are not dismissed.

IT IS SO ORDERED this 26th day of April, 2012.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

14