# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

YULANDA HILL                                                    PLAINTIFF

v.                              NO. 5:12CV00016 JLH

CAROLYN WALKER, individually and in her
official capacity as employee of the
Department of Human Services                                   DEFENDANT

## OPINION AND ORDER

Yulanda Hill, a former Arkansas Department of Human Services employee, brings this action against Carolyn Walker, in her individual and official capacities, alleging various claims surrounding Walker's termination of Hill. In a previous opinion and order, the Court dismissed without prejudice Hill's Fair Labor Standards Act, Family Medical Leave Act, and due process claims, but declined to dismiss Hill's official capacity claims under the Americans with Disabilities Act and the Rehabilitation Act. Hill subsequently filed a motion to amend her complaint to add, among other things, a claim for sex discrimination. The Court granted this motion, stating that Hill made the sex discrimination allegations with sufficient specificity to meet the pleading requirements of the Federal Rules of Civil Procedure. Immediately thereafter, Walker filed a motion to dismiss portions of Hill's amended complaint. Walker argues, correctly, that in the amended complaint Hill reiterated, without change, the previously dismissed claims and thus those claims should again be dismissed. The Court issues this opinion to address Hill's most recent arguments concerning her FMLA retaliation claim.

The Court has already detailed, in its previous opinion, the facts of the case and the basic standard applicable to a motion to dismiss. To summarize, Hill alleges that Walker fired her for requesting FMLA leave in order to keep her from becoming eligible for that leave. This, Hill alleges,

constituted FMLA retaliation and interference.[1]  The Court originally dismissed these FMLA claims

because it is undisputed that Hill had not worked the minimum amount of time to be FMLA-eligible

when she was terminated.[2]  As noted in this Court's earlier opinion, courts have held that an

employee who is not yet eligible for FMLA leave can assert a retaliation claim under the FMLA if

subjected to an adverse employment action for requesting FMLA leave to begin after the employee

is eligible.  Here, however, Hill requested FMLA leave for a period beginning and ending before she

would actually have been eligible for FMLA rights.  The FMLA, as this Court previously held, does

not protect such a request.

In her most recent brief, Hill argues that her retaliation claim should survive[3] because "the law

is clear that FMLA retaliation does not require Plaintiffs to be FMLA eligible in order to be protected

under the FMLA."  Document #22, at 1.  Hill cites a Department of Labor regulation for the

proposition that the FMLA protects all individuals from retaliation, regardless of eligibility, who

---

[1] A recent Eighth Circuit decision stated that the Eighth Circuit recognizes three types of claims arising under the FMLA: (1) an "entitlement" claim, where "an employee claims the denial of a benefit to which he is entitled under the statute"; (2) a "retaliation" claim, where an employer takes adverse action against "an employee oppos[ing] any practice made unlawful under the FMLA"; and (3) a "discrimination" claim, where "an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-06 (8th Cir. 2012).  *But see Chappell v. Bilco Co.*, 675 F.3d 1110, 1115 (8th Cir. April 5, 2012) (stating that employees can bring two types of FMLA claims: (1) an "interference" claim, where "the employee alleges that an employer denied or interfered with his substantive rights under the FMLA"; and (2) a "retaliation" claim, where "the employee alleges that the employer discriminated against him for exercising his FMLA rights.") (citation omitted).  The apparent difference between *Pulczinski* and *Chappell* does not affect the current dispute.

[2] The FMLA defines "eligible employee" as "an employee who has been employed . . . for at least 12 months by the employer . . . ."  29 U.S.C. § 2611(2)(A).  Hill was hired on June 28, 2010, and terminated on June 20, 2011.  *See* Document #19, at 2.

[3] Hill does not argue that her interference claim survives.

"oppose any practice which they reasonably believe to be a violation of the Act or regulations."

29 C.F.R. § 825.220(e). Hill cites four cases for the same proposition. None of them, however,

involved an employee who was completely ineligible for FMLA rights. In *Behringer v. Lavelle Sch.*

*for the Blind*, No. 08 Civ. 4899, 2010 WL 5158644, at *14 (S.D.N.Y. Dec. 17, 2010), the court

declined to dismiss a retaliation claim where the plaintiff complained in good faith, albeit potentially

erroneously, about her employer's inquiries into and tabulations of her otherwise valid FMLA leave

time. In *Rasic v. City of Northlake*, No. 08 C 104, 2010 WL 3365918, at *8 (N.D. Ill. Aug. 24,

2010), the court upheld a jury verdict for a police officer who, while on FMLA leave, mistakenly

asserted an FMLA right to disregard a proper trial subpoena. In another case cited by Hill, the court

held that an FMLA-eligible employee stated a claim when she alleged that she was fired for requesting

FMLA leave even if the purposes for which she sought leave did not qualify under the FMLA. *Cloar*

*v. Kohler Co.*, No. 05-1150-T/AN, 2005 WL 2396643, at *2-3 (W.D. Tenn. Sept. 26, 2005). In the

fourth case cited by Hill, the court denied the employer's motion for summary judgment on a

retaliation claim where the plaintiff was terminated after he refused to deliver a memo to a

subordinate employee that he believed violated the subordinate's FMLA rights. *Wood v. Handy &*

*Harman Co.*, No. 05-CV-532, 2006 WL 3228710, at *4-5 (N.D. Okla. Nov. 6, 2006). While the

*Wood* court does not explicitly state that the plaintiff himself was FMLA eligible, neither does it say

that he was ineligible. *Id.*

Although not cited by Hill, a recent decision by the Honorable Mark Bennett in the Northern

District of Iowa states: "I believe that Eighth Circuit law . . . supports my view that notice of a need

for FMLA leave, made in good faith, is also 'protected conduct,' invoking the protections of the

FMLA from retaliation for exercising or attempting to exercise FMLA rights, whether or not the

employee is actually eligible for FMLA leave." *Johnson v. Dollar Gen.*, --- F. Supp. 2d ---, 2012 WL 3072997, at *23 (N.D. Iowa July 30, 2012).  The Eighth Circuit has not decided whether an FMLA retaliation claim can be based on a good faith or reasonable request for leave when the employee is not actually eligible for the leave.  As Judge Bennett notes, however, the courts of appeal that have addressed the issue have held that an employee must be eligible for FMLA leave in order to state a claim for FMLA retaliation.  *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (holding that "the FMLA's 'eligible employee' requirement applies in all FMLA cases, including retaliation cases.");[4] *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004) ("There can be no doubt that the request–made by an ineligible employee for leave that would begin when she would still have been ineligible–is not protected by the FMLA. . . . [W]e hold that [the FMLA] does not protect an attempt to exercise a right that is not provided by FMLA, i.e., the right to leave before one becomes eligible therefor."); *Pagel v. TIN Inc.*, --- F.3d ---, 2012 WL 3217623, at *8 (7th Cir. 2012) (noting that, to succeed on an FMLA retaliation claim, a plaintiff "must of course be entitled to FMLA benefits").[5]  Several district courts have come to the same conclusion. *See, e.g., Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1280 n.43 (M.D. Fla. 2001) (collecting cases).

---

[4] The Sixth Circuit reaffirmed *Humenny* four years later.  *See Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 354 (6th Cir. 2008) (favorably citing *Humenny* as "holding that an FMLA retaliation claim cannot be maintained by one who was not an 'eligible employee'"); *see also Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) ("[An] FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee'").

[5] In addition, the Tenth Circuit has held that it was not plain error to instruct a jury that an FMLA retaliation claim requires proof of eligibility for FMLA leave. *Wilkins v. Packerware Corp.*, 260 Fed. Appx. 98, 102-04 (10th Cir. 2008).

Here, the Court need not decide whether an employee who is not eligible for FMLA leave can nonetheless state a claim for FMLA retaliation when the employee was subjected to an adverse employment action following a request for FMLA leave based upon a reasonable or good faith belief of entitlement to that leave.  As the Court previously noted, the leave that Hill requested began and was scheduled to end before the first anniversary of her employment.  To use the language proposed by Judge Bennett in *Johnson*, nothing in the complaint gives any indication that Hill could believe, in good faith, that she might be covered by the FMLA.  *See* 2012 WL 3072997, at *23.  To use the language of 29 C.F.R. § 825.220(e), nothing in the complaint could make it reasonable for Hill to believe that she was eligible for FMLA leave.  Hill does allege that she believed in good faith that she was a person with a disability, but she does not allege that she believed that she was eligible for FMLA leave.  Hill's FMLA claims will again be dismissed, along with her due process and Fair Labor Standards Act claims.[6]

## CONCLUSION

For the foregoing reasons, Walker's partial motion to dismiss is GRANTED.  Document #20.  Hill's FLSA, FMLA, and due process claims against Walker are again dismissed, in their entirety, without prejudice.

IT IS SO ORDERED this 9th day of October, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[6] While Hill offers perfunctory objections to the dismissal of these non-FMLA claims, the Court sees no reason to add to the analysis in its previous opinion.

5